45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky D. STEPHENS, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of The State of Oklahoma,
Respondents-Appellees.
 No. 94-7055.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1994.
 
 ORDER AND JUDGMENT[1] Before McWILLIAMS, BARRETT
and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Petitioner Ricky D. Stephens appeals the denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Petitioner was convicted in state court on his guilty plea to armed robbery and sentenced to a twenty-year term of imprisonment. Twelve years later he filed a habeas petition in state court challenging his conviction on the same grounds he asserts in the federal petition now before us. He was denied relief in state court and on appeal. The state district court indicated that relief measures are to be limited to those claims which could not have been raised on direct appeal; it held that petitioner failed to demonstrate any reason why his application should be considered. The appellate court made essentially the same statements but also wrote that "Petitioner has offered only unsubstantiated contentions in support of his request for relief twelve years after his conviction. As Petitioner has failed to show entitlement to relief in a post-conviction proceeding, the order of the District Court denying Petitioner's application for post-conviction relief is AFFIRMED." I R. tab 3, ex. D at 2.
 
 
 3
 In petitioner's application for federal habeas relief he alleges: (1)the state trial judge did not satisfy due process requirements by inquiring at the guilty plea hearing to determine if petitioner's plea was in fact knowing, voluntary and intelligent; (2)the state trial court accepted an incomplete summary of facts sheet in support of petitioner's guilty plea, thus violating his constitutional rights; and (3)petitioner's court-appointed counsel failed to insure that petitioner's constitutional protections were observed, thereby denying his Sixth Amendment right to effective assistance of counsel. In his complaints against his counsel, petitioner specifically asserts that the lawyer failed to advise petitioner of the rights and privileges he was waiving if he decided to enter a plea of guilty, failed to insure that the trial court explained this waiver, failed to insure that the trial court demonstrated on the record that petitioner fully understood the consequences of his guilty plea, and failed to advise petitioner of his right to appeal.
 
 
 4
 The district court interpreted the state determination to be based upon procedural default and found that petitioner did not make a sufficient showing of cause, prejudice, or a fundamental miscarriage of justice to warrant granting relief. We agree that the state court's rulings appear to be based upon procedural default, although they are ambiguous inasmuch as both seem also to deny relief on the merits.
 
 
 5
 Even considering the issues on the merits, we agree with the state court that petitioner has made no sufficient showing of his entitlement to relief. He does not present us with a transcript of his state court guilty plea hearing; but the documents attached to his petition themselves undermine petitioner's case.
 
 
 6
 Petitioner signed a detailed written "Summary of Facts and Petition to Enter Plea of Guilty" in which he answered "yes" to the questions whether: he had a copy of and had read the information charging him with the crime; he understood what he was charged with; he had been advised as to all possible defenses and knew that he waived all these defenses by a guilty plea; he understood the maximum sentence to which he could be sentenced. In a provision that asked him to state in his own words what he did, there is a handwritten entry "robbed Tommy Capps, Roy Smith, and Bud Pitts." Id. ex. A at 2. That same document outlined all of petitioner's rights he gives up by a guilty plea: to a jury trial, to call witnesses, to cross-examine, to testify or not to testify in his own behalf, etc.
 
 
 7
 As to his right to appeal, the fact summary sheet showed that petitioner answered "yes" to the question: "Do you understand that you have the right to the assistance of a lawyer at all stages of all proceedings, including appeals at no cost to you if you are unable to pay for one." Id. ex. A at 2. The court's judgment and sentence on the plea of guilty, attached as an exhibit to petitioner's application for postconviction relief in the state court, asserts that "the defendant is by the Court notified of his right to appeal." Id. ex. B, att. 1.
 
 
 8
 A statement near the end of the petition to enter a guilty plea states that it was all "done in open court." There is also attached a certificate of petitioner's counsel that he had read and explained to the defendant all the allegations, all his constitutional and statutory rights, and advised him of all possible defenses. The question whether defendant was satisfied with counsel was answered "yes."
 
 
 9
 Petitioner's whole case seems to be based on an argument that he was basically illiterate at the time of the plea. He presented no evidence of that and the plea petition contains his signature. He also relies upon the fact that the judge did not personally sign a "Findings and Order" attachment to the petition to enter the guilty plea.
 
 
 10
 In essence, all we have are petitioner's bald assertions that neither counsel nor court did what the written documents petitioner signed states they did. That is insufficient to satisfy petitioner's burden to show a genuine factual dispute sufficient to prevent dismissal of his petition. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir.1990).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470