IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50461
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SPENCE LANE ADAMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CR-249
- - - - - - - - - -

April 21, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges,

PER CURIAM:[*]

Spence Lane Adams appeals his guilty-plea conviction and sentence for bank robbery.  He argues that 1) the district court erred in sentencing him as a career offender, 2) his plea was involuntary based on the erroneous advice of counsel that Adams fit the Sentencing Guidelines' definition of career offender, and 3) he received ineffective assistance of counsel for his attorney's failure to adequately object to Adams being sentenced as a career offender.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This circuit reviews <u>de novo</u> the sentencing court's application of the career offender provisions of the guidelines and whether a defendant's prior convictions are related. <u>United States v. Garcia</u>, 962 F.2d 479, 481 (5th Cir. 1992). A defendant is a career offender if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. In determining whether there are "two prior felony convictions," "[t]he provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2 comment. (n.4). Section 4A1.2 explains that "[p]rior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." § 4A1.2(a)(2). "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." § 4A1.2 comment. (n.3).

Adams concedes that he is unable to show that his prior robbery offenses "occurred on the same occasion" or "were consolidated for trial or sentencing." His only claim is that because both offenses were similar in nature (robbery of pharmacies for prescription drugs) and committed in close proximity and time to each other, they should be considered part

of a common scheme or plan.

Adams's arguments are virtually the same as those rejected by the court in <u>Garcia</u>. In <u>Garcia</u>, the defendant had two prior convictions for drug trafficking involving the same type of drug, in the same location, and within days of each other. Rejecting Garcia's claim that these similarities demonstrated that the offenses were part of the same scheme or plan, this court stated that such an argument "would lead to the illogical result that a defendant who is repeatedly convicted of the same offense on different occasions could never be considered a career offender under the guidelines." 962 F.2d at 482 (internal citation omitted). Adams's argument is without merit.

Adams's attorney's advice regarding the applicability of the Guideline's career offender provision was not erroneous. Adams's attorney's performance was not deficient for failing to raise a meritless and futile objection to the sentencing of Adams as a career offender. <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990).

The judgment is AFFIRMED.