IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-21182
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

                                versus

JOSÉ BIENVE RODRIGUEZ,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-137-2
_____
November 7, 2000

Before POLITZ, HIGGINBOTHAM and DEMOSS, Circuit Judges.

PER CURIAM:[*]

     José Bienve Rodriguez appeals his sentence following a guilty plea to a

charge of possession of cocaine with intent to distribute.  Rodriguez contends that

the district court erred when it denied his request for a three-level reduction for

acceptance of responsibility under U.S.S.G. § 3E1.1(b), and when it failed to

sentence him in accordance with the "safety valve" provisions at U.S.S.G. § 5C1.2.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He also contends that he received ineffective assistance because his counsel did not object to the court's failure to apply § 5C1.2.

Error, if any, that the district court may have committed when it concluded that Rodriguez entered a timely plea, but then failed to grant an additional one-point reduction under § 3E1.1(b) was harmless.[1]  Whether the district court granted the additional one-point reduction or not, Rodriguez was subject to a mandatory-minimum sentence of 120 months.[2]  That was the sentence imposed.

The district court did not err when it did not apply the safety-valve provisions at § 5C1.2.  Rodriguez did not establish that he qualified for sentencing under § 5C1.2.[3]  Rather, the record reflects a history of untruths and inconsistencies by Rodriguez throughout the proceedings.  He offered no evidence or testimony to support his assertion at sentencing that despite prior untruthful statements he truthfully debriefed the Government during the third debriefing.[4]

Rodriguez maintains that it counsel had objected, the district court would have granted the safety-valve reduction.  This argument is speculative and conclusional and cannot and does not establish ineffective assistance of counsel.[5]

The conviction and sentence are AFFIRMED.

---

[1]United States v. Tello, 9 F.3d 1119 (5th Cir. 1993).

[2]21 U.S.C. § 841(b)(1)(B)(ii); U.S.S.G. § 5G1.1(b).

[3]United States v. Vasquez, 161 F.3d 909 (5th Cir. 1998).

[4]United States v. Miller, 179 F.3d 961, 964 (5th Cir. 1999) (citing United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996)) (defendant bears burden of "ensuring that he has provided all the information and evidence regarding the offense to the Government.").

[5]Koch v. Puckett, 907 F.2d 524 (5th Cir. 1990).