IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-30805
Conference Calendar

———————————

WALTER BURNETTE,

                                        Plaintiff-Appellant,

versus

LILA BROOKS; STEVEN MOREAU; CYNTHIA PHILLIPS; BURL CAIN;
RICHARD L. STALDER,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-784-C
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Walter Burnette, Louisiana prisoner # 83061, appeals from
the dismissal of his civil rights lawsuit, filed pursuant to 42
U.S.C. § 1983, for failure to state a claim upon which relief may
be granted.  We review such a dismissal de novo and will uphold
the dismissal only if, taking the plaintiff's allegations as
true, it appears that no relief could be granted on the
plaintiff's alleged facts.  See Bass v. Parkwood Hosp., 180 F.3d

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

234, 240 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Burnette argues that his constitutional rights were violated when Lila Brooks refused to measure his blood pressure and when Steven Moreau and Cynthia Phillips failed to correct such violation. He has failed to show that Brooks acted with deliberate indifference by failing to measure his blood pressure, see Farmer v. Brennan, 511 U.S. 825, 847 (1994), or that he was entitled to a favorable administrative determination by Moreau or Phillips. The defendants are not liable for the actions of their subordinates under a theory of vicarious liability, see Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987), and neither a State nor state officials acting in their official capacities are "persons" under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). His conclusory allegations against Burl Cain and Richard Stalder fail to raise a constitutional issue. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Accordingly, the district court's judgment is AFFIRMED.