IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2008

Charles R. Fulbruge III
Clerk

No. 06-31248
Summary Calendar

WELDON P WILLIAMS

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-3172

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Weldon P. Williams, Louisiana prisoner # 383826, appeals the district court's dismissal of his 28 U.S.C. § 2254 application, challenging his conviction and sentence for first degree murder. At issue is whether Williams was denied effective assistance of counsel by his trial lawyer's failure to pursue a ruling on a motion to suppress the identification, and failure to object to the admissibility of the photographic lineup in which Williams was identified. Williams contends that the photographic array was suggestive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the names of the individuals in the photographs were included. He asserts that Detective Marchese committed perjury by testifying that the names were concealed from the identifying witness with cellophane and plastic.

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief may not be granted as to any issue that was adjudicated on the merits by the state court unless the state court's conclusions were "contrary to" or involved an "unreasonable application" of clearly established federal law as determined by the Supreme Court or were based on an unreasonable determinations of the facts. 28 U.S.C. § 2254(d)(1), (2).

Williams's argument that Detective Marchese perjured himself by stating that the names were concealed is not supported by the record and is nothing more than a bare-bones conclusional allegation. Williams fails to show that the photographic lineup was unnecessarily suggestive and subject to suppression. See Peters v. Whitley, 942 F.2d 937, 939 (5th Cir. 1991). Neither was trial counsel ineffective for failing to pursue an unsuccessful motion. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990); Strickland v. Washington, 466 U.S. 668, 689-94 (1984). The state court's determinations that (1) there was no basis for suppression and (2) trial counsel did not render ineffective assistance, is not unreasonable. See § 2254(d)(2).

The judgment of the district court is, in all respects,
AFFIRMED.