# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30500
Summary Calendar

JESSIE MARTIN

Petitioner-Appellant

v.

WARDEN FORCHT WADE CORRECTIONAL CENTER, also known as Veneita
Michael

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:06-CV-1383

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jessie Martin, Louisiana state prisoner # 121275, appeals from the denial of his 28 U.S.C. § 2254 petition, challenging his conviction and sentence for attempted manslaughter. The district court granted a certificate of appealability (COA) on the issues whether the admission at trial of a tape recording of a 911 telephone call and the victim's statement to the police officer who responded to the 911 call violated Martin's Sixth Amendment Confrontation Clause rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martin argues that his right to confrontation was violated under Crawford v. Washington, 541 U.S. 36 (2004), because the district court admitted into evidence the 911 tape recording, but Claudia Evans, the victim, did not testify at trial. He also challenges, under the Confrontation Clause, the admission of the testimony of the officer who responded to the 911 call.

The AEDPA's scheme of deference is to be used in reviewing the claims in a state prisoner's habeas petition that were adjudicated in state court proceedings on the merits of the federal constitutional questions. See § 2254(d); see Hill v. Johnson, 210 F.3d 481, 484-85 (5th Cir. 2000). Because it is not apparent that the state court adjudicated the merits of the federal constitutional claims, review is de novo. See Nobles v. Johnson, 127 F.3d 409, 416 (5th Cir. 1997).

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. AMEND. VI. In Crawford, the Court held that the right to confrontation bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford, 541 U.S. at 53-54. Evans's statements to the 911 operator were nontestimonial because the circumstances, viewed objectively, indicated that the primary purpose of the interrogation by the 911 operator was "to enable police assistance to meet an ongoing emergency." Davis v. Washington, 547 U.S. 813, 822 (2006); see also United States v. Proctor, 505 F.3d 366, 370-72 (5th Cir. 2007), cert. denied, 128 S. Ct. 1457 (2008). To the extent that Martin challenges the portion of the tape involving the exchange between Catherine Johnson, Evans's mother, and the operator, the trial court instructed the jury to disregard the portion of the tape in which "the louder female voice makes a statement where she is guessing about what might have happened." Moreover, because Johnson testified at trial, Martin's right to confrontation was not violated. See Crawford, 541 U.S. at 53-

54. Martin has not shown that his right to confrontation was violated by the trial court's admission of the tape of the 911 call. See Davis, 547 U.S. at 827-28; Proctor, 505 F.3d at 372.

Martin argues that his right to confrontation was violated by the admission into evidence of statements Evans made to police officers responding to the 911 call. Although Martin argues that the testimony of "various officers" violated his right to confrontation, the only specific officers he mentions are Officer Joe Reynolds and Detective Chuck Wilson, and he fails to identify any specific trial testimony. Conclusional allegations on a critical issue do not raise a constitutional issue and are not sufficient to warrant habeas relief. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

To the extent that Martin suggests that 1) his right to confrontation was violated because an officer testified that Evans stated that the attack was unprovoked, and 2) his right to confrontation was violated by the trial testimony of Chuck Wilson, these claims are raised for the first time on appeal. "A contention not raised by the habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief." Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999) (internal quotation marks and citation omitted).

Martin challenges Officer Reynolds's testimony that the victim identified him as the person who stabbed her. In situations involving domestic disputes, "'[o]fficers called to investigate . . . need to know whom they are dealing with in order to assess the situation, the threat to their own safety, and possible danger to the potential victim.'" Davis, 547 U.S. at 832 (quoting Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty., 542 U.S. 177, 186 (2004)). We need not decide, however, for purposes of this appeal whether the admission of the testimony violated the Confrontation Clause because any error was harmless. See Horn v. Quarterman, 508 F.3d 306, 322 n.24 (5th Cir. 2007), cert. denied, 128 S. Ct. 2084 (2008). In federal habeas proceedings, the harmless error analysis

looks to whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Id. (internal quotation marks and citation omitted). As the district court observed, Evans identified Martin as the individual who stabbed her during the taped 911 call; Martin admitted to "hitting" Evans with a knife in his recorded statement to police, which was admitted into evidence at trial; and Evans's statement implicating Martin in the stabbing was distinct from the issues as to whether Martin acted in self defense or had the requisite intent, both of which were significant issues at trial. Any Confrontation Clause error was harmless. See Horn, 508 F.3d at 322 n.24.

AFFIRMED.