**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2011

Lyle W. Cayce
Clerk

No. 10-40475
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REYNALDO COBAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-177-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Reynaldo Cobas appeals his conviction and 100-month sentence for possession, with the intent to distribute, 755 kilograms of marijuana. Cobas contends the evidence was insufficient to support his conviction, asserting that the Government failed to present evidence showing he knowingly possessed the marijuana. Cobas maintains that such knowledge may not be inferred only through control of a vehicle, and that the Government was required, but failed, to present other evidence of knowledge. Cobas also contends the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion in denying his new-trial motion on the claim that counsel was ineffective for failing to investigate the identity of a confidential informant (CI).

Because Cobas preserved his sufficiency claim at trial, the standard of review is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt". *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). "A jury may infer knowledge from the defendant's control over a vehicle containing contraband unless the drugs are hidden in compartments, in which case proof of the defendant's knowledge depends on inference and circumstantial evidence." *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

There was evidence that Cobas was nervous and avoided eye contact in his interview with Immigration and Customs Enforcement Agent Santini. Cobas also provided inconsistent and implausible statements. His statement to Agent Santini differed from the account in his logbook. His testimony at trial was inconsistent with both his statement to Agent Santini and the account in his logbook. Additionally, Cobas was found in possession of 1,711 pounds of marijuana, valued at $1,368,000. This amount of marijuana was sufficiently large for the jury to infer that Cobas would not have been entrusted with it unknowingly. *See United States v. Martinez-Moncivais*, 14 F.3d 1030, 1034-35 (5th Cir. 1994). Accordingly, the evidence was sufficient for a rational trier of fact to conclude that Cobas had knowledge of the drugs in his possession. *See United States v. Ortega Reyna*, 148 F.3d 540, 543-44 (5th Cir. 1998).

Cobas also contends the court abused its discretion in denying his new-trial motion, in which Cobas claimed ineffective assistance of counsel (IAC) for failing to investigate the CI's identity. After conducting an evidentiary hearing at sentencing, the district court rejected the IAC claim on the merits. Cobas concedes his new-trial motion was filed outside the 14-day time period specified

in Federal Rule of Criminal Procedure 33: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty". Fed. R. Crim. P. 33(b)(2). Cobas' new-trial motion was filed on 21 December 2009, more than seven months after his guilty verdict. Pursuant to Rule 45(b)(1), "the court on its own may extend the time, or for good cause may do so on a party's motion made: . . . (B) after the time expires if the party failed to act because of excusable neglect". Fed. R. Crim. P. 45(b)(1). Because the court considered the new-trial motion at sentencing and heard testimony, we will assume the court either extended the time for filing the motion or treated it as one grounded on newly discovered evidence, which can be filed within three years after the verdict. *See* Fed. R. Crim. P. 33(b)(1).

The denial of a new-trial motion is reviewed for abuse of discretion. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997); *United States v. Sullivan*, 112 F.3d 180, 182-83 (5th Cir. 1997). Although questions of IAC are generally not resolved on direct appeal, the issue may be resolved at this juncture because the issue was raised in Cobas' new-trial motion and the record has been adequately developed. *See United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999).

To establish IAC, pursuant to the well-known, two-prong standard, Cobas must demonstrate: counsel's performance "fell below an objective standard of reasonableness"; and Cobas was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Cobas does not explain how the investigation of the CI's identity would have altered the outcome of the proceeding. Moreover, the record shows his counsel moved to have the CI's identity revealed. Counsel also filed a motion in limine to prevent any testimony referencing information provided by the CI. No reference was made at trial to the CI or any out-of-court statements made by the CI. Accordingly, Cobas failed

No. 10-40475

to show counsel was deficient and that he suffered prejudice as a result. *See Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).

AFFIRMED.