# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

Lyle W. Cayce
Clerk

No. 10-40649
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RENE RUIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1668-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rene Ruiz challenges his convictions for conspiracy to possess with intent to distribute, possession with intent to distribute, and importation of less than 50 kilograms of marijuana. He argues that the evidence adduced at trial was not sufficient to support his convictions because the Government failed to prove that he knew of the marijuana hidden in compartments inside of the vehicle that he was driving. Because he moved for a judgment of acquittal at the close of all evidence, our standard of review of this claim is "whether, considering all the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000); *see* Fed. R. Crim. P. 29(a). "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). Given the evidence adduced at trial, including but not limited to Ruiz's inconsistent statements to law enforcement officers, the apparent alterations that had been made to the van to secret the marijuana, and the value of the marijuana, we conclude that the jury could have found beyond a reasonable doubt that Ruiz knew that the van contained marijuana. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998).

We review for plain error Ruiz's argument that his *Miranda* rights were violated when a law enforcement officer testified that Ruiz accused officers of planting drugs in the van. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even if Ruiz was in custody at the time that he made the statement in question, his utterance is not subject to suppression since it was not made in response to interrogation; rather, it was a voluntary and spontaneous statement. *See Rhode Island v. Innis*, 446 U.S. 291, 299-301 (1980); *Miranda v. Arizona*, 384 U.S. 436, 478 (1966); *United States v. Baldwin*, 644 F.2d 381, 384 (5th Cir. 1981).

We also review for plain error Ruiz's argument that the prosecutor engaged in misconduct during closing arguments by mischaracterizing Ruiz's testimony. *See Peltier*, 505 F.3d at 391-92. Even if Ruiz is correct that the prosecutor engaged in misconduct, he fails to show that his substantial rights were affected. *See United States v. Davis*, 609 F.3d 663, 682 (5th Cir. 2010). As for Ruiz's contention that the prosecution improperly engaged in sexual innuendo, the district court implicitly sustained Ruiz's objection to the lone instance of such argumentation cited by Ruiz; he does not explain what more the district court should have done, and his argument that he was denied a fair trial

No. 10-40649

due to the prosecutor's broaching of this subject is entirely conclusory. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (finding that mere conclusory statements on a critical issue are insufficient to raise a constitutional claim).

AFFIRMED.