# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2015

Lyle W. Cayce
Clerk

No. 14-30246
Summary Calendar

RANDY C. MARSHALL,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2914

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Randy C. Marshall, Louisiana prisoner # 539910, challenges the denial of habeas relief under 28 U.S.C. § 2254, concerning his conviction and life sentence for second-degree murder. Regarding the denial of relief, this court granted Marshall a certificate-of-appealability on whether his trial attorney provided ineffective assistance by failing: to adequately

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-30246

investigate the self-defense theory presented at trial; and to argue actual innocence at trial.

In analyzing the denial of § 2254 relief, this court reviews issues of law *de novo* and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the Antiterrorism and Effective Death Penalty Act. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

Marshall asserts:  he and his counsel decided to pursue an actual-innocence theory at trial; but, his counsel convinced him to change the theory to self-defense just before opening statements began, without time for sufficient investigation.  Marshall fails, however, to produce any evidence in support of this claim.   "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue". *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (citation omitted) (internal quotation marks omitted). Marshall's conclusory allegations are contradicted by the record, and are insufficient to demonstrate that, in denying this claim, the state court misapplied the *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984), standard for ineffective assistance of counsel.

AFFIRMED.