**Thomas Eugene DUNHAM,
Plaintiff-Appellant**

v.

**Dale WAINWRIGHT; Terrell McCombs; Leopoldo Vasquez; Thomas Fordyce; Eric Gambrell; Larry Gist, Judge; Larry Don Miles; Derrelynn Parryman; Thomas Wingate, Defendants-Appellees**

**No. 17-50157
Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed February 22, 2018

Thomas Eugene Dunham, Pro Se

Leah O'Leary, Assistant Attorney General, Office of the Attorney General for the State of Texas, Austin, TX, for Defendants-Appellees

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM: *

Thomas Eugene Dunham, Texas prisoner # 1850265, proceeding pro se, appeals the district court's judgment granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. Dunham alleged that Texas Department of Criminal Justice Board Policy 03.91 (rev. 3)—which, in relevant part, limits the amount of postage that indigent prisoners can send at the State's cost to "five one-ounce domestic letters per month to general correspondents and five items per week to legal or special correspondents"—is unconstitutional because it essentially denies him court access and interferes with his right to send correspondence to family members and religious organizations. Dunham sued nine members of the Board of the Texas Department of Criminal Justice in both their individual and official capacities. He sought declaratory and injunctive relief and monetary damages.

We review the grant of summary judgment de novo. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists when ... a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion." *Haverda*, 723 F.3d at 591.

While the defendants are generally entitled to Eleventh Amendment immunity for claims brought against them in their official capacities, they are not immune from Dunham's claims seeking prospective relief to prevent federal constitutional violations. *See Ex parte Young*, 209 U.S. 123, 148-49, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Dunham claims that the defendants are responsible for promulgating and implementing Policy 03.91, and that the policy unconstitutionally deprives him of access to the court. A prerequisite to Dunham's access-to-courts claim is a showing of actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). While Dunham makes the single conclusory allegation that the "actual injury" that Policy 03.91 has caused him is "the continuing deprivation of [his] constitutional rights," he does not specify or elaborate on what specific harm he has suffered, and his conclusory allegation does not suffice to show that his constitutional rights were violated. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Importantly, he does not address or contest the district court's specific findings that he failed to show that Policy 03.91 caused him to miss a legal deadline or prevent him from filing "a multitude of legal documents in spite of the policy." Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Having failed to do so, Dunham cannot prevail on his claim that Policy 03.91 unconstitutionally deprived him of access to the courts.

As to Dunham's claims against the defendants in their individual capacities, in order for Dunham to overcome the defendants' assertion of qualified immunity, Dunham must show that the defendants violated clearly established federal law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Dunham claims that the defendants deprived him of his First Amendment right to the free exercise of religion, as well as his Fourteenth Amendment due process right to maintain familial relationships. However, much like Dunham's other claims, other than his bare assertions that his constitutional rights have been violated, Dunham fails to articulate how Policy 03.91 encroaches on those rights. Notably, Dunham fails to cite a single item of correspondence that Policy 03.91 prevented him from writing or sending to either religious organizations or family members. Accordingly, Dunham's conclusional allegations and unsubstantiated assertions that Policy 03.91 encroached on his First and Fourteenth Amendment rights does not create a fact issue on summary judgment. *See Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *see Koch*, 907 F.2d at 530.

Accordingly, the district court's judgment is AFFIRMED. Dunham's motion for the appointment of counsel is DENIED.