# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

No. 21-50049
Summary Calendar

Robert Edward Richardson,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-130

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Robert Edward Richardson, Texas prisoner # 468111, appeals the district court's grant of summary judgment in favor of the defendant and dismissal of his claims under 42 U.S.C. § 1983 alleging violations of his due

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

process and Eighth Amendment rights based on his years-long confinement in administrative segregation and "chronically mentally ill sheltered housing" (CMI-SH). Richardson, who identified his faith as Native American Shamanism, further alleged violations of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment, and the Equal Protection Clause because he was not allowed to grow his hair long or wear his religious headgear and medicine bag at all times and was unable to obtain sacred medicine cards and a dreamcatcher.

We review the grant of a motion for summary judgment de novo. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Regarding his Eighth Amendment claim based on his custodial status, although Richardson argues that he should no longer be housed in administrative segregation or CMI-SH based on his good behavior, he has not asserted that he was denied any of life's necessities or that Texas Department of Criminal Justice (TDCJ) officials acted with deliberate indifference to his health or safety while he has been confined in administrative segregation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Further, in relation to Richardson's due process claim, he has not shown, or even challenged, the determination that the conditions he faced were not onerous enough to constitute an atypical prison situation. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008).

Because Richardson does not meaningfully challenge the district court's determination that the TDCJ policy limiting the times that he could wear his religious headband and medicine pouch did not substantially burden his ability to practice his religion or the determination that he failed to explain

how the denial of the medicine cards and dreamcatcher caused him to violate his religious beliefs, he has abandoned these RLUIPA claims. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Adkins v. Kaspar*, 393 F.3d 559, 567 & n.32 (5th Cir. 2004); *Garner v. Kennedy*, 713 F.3d 237, 241 (5th Cir. 2013). Richardson has not shown that he was not afforded the reasonable opportunity to practice his religion under the First Amendment, *see Cruz v. Beto*, 405 U.S. 319, 322 (1972), and he has abandoned, based on his failure to brief, his claim that his equal protection rights were violated when he was not allowed to wear his headband and medicine pouch at all times, *see Brinkmann*, 813 F.2d at 748.

Richardson has abandoned his RLUIPA and First Amendment claims based on TDCJ's grooming policy because he fails to specifically challenge the district court's least-restrictive way determination under the RLUIPA, *see Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 613 (5th Cir. 2008), or argue that the restriction is not reasonably related to the TDCJ's penological interest of safety as he was required to do in conjunction with his First Amendment claim, *see Turner v. Safley*, 482 U.S. 78, 89 (1987).

Additionally, Richardson's conclusional assertion that his religious beliefs are being violated because he is not permitted to attend religious ceremonies in general population, without more, is insufficient to show a constitutional violation. *See Brinkmann*, 813 F.2d at 748; *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Finally, Richardson has not established that the district court abused its discretion by denying his motion for the appointment of counsel. *See Cooper v. Sherriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *see also Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

No. 21-50049

We AFFIRM the judgment of the district court and DENY the motion for oral argument and the motion for preliminary injunction and temporary restraining order.