# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 95-50287
(Summary Calendar)
_____

THOMAS EDWARD RODRIGUEZ,

Petitioner-Appellant,

VERSUS

JIMMY ALFORD, Warden,

Respondent-Appellee.

_____

On Appeal From the United States District Court
For the Western District of Texas
(W 94 CV 68)
_____

December 27, 1995

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas Edward Rodriguez was convicted of murder in Texas state court. He appeals the district court's denial of his petition for habeas corpus relief, contending that a prior conviction for escape was invalid and should not have been used for enhancement of his sentence for the murder conviction. He also contends that habeas relief is appropriate due to ineffective assistance of counsel. We have reviewed the record and the magistrate judge's report as adopted by the district court, and find no reversible error. Accordingly, we AFFIRM.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1

FACTS

Thomas Edward Rodriguez, the victim, and three others were drinking at the home of one of the individuals on the day of the offense. During the course of the day, Rodriguez and the victim argued and fought. Rodriguez was twice seen by a witness standing and holding an exercise weight over the victim who was lying in bed, and he was heard to say that he was going to kill the victim. The group, except for the victim, left the house, but returned to drop Rodriguez off before proceeding to a night club. After the night club closed, two members of the group returned to the house and discovered the victim's body. Evidence indicated that the victim had been killed almost instantly by several blows to the head with a heavy object. Rodriguez admitted that he did kill the victim by hitting him several times with an exercise weight, but he alleged that it was in self-defense. The jury rejected this defense, found intentional, aggravated murder, and sentenced Rodriguez to life imprisonment.

Rodriguez's conviction was affirmed on direct appeal, and he exhausted his state habeas remedies. He then filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. The magistrate judge recommended dismissing the enhancement issue because the escape conviction about which Rodriguez complains was never submitted to the jury for consideration. He also recommended that the ineffective assistance of counsel claim be dismissed because Rodriguez had not showed that his defense had been prejudiced. The district court conducted a de novo review of the petition, the magistrate judge's report, and Rodriguez's objections to that report. Upon concluding its review, the district court adopted the recommendation of the magistrate judge and dismissed Rodriguez's claim.

DISCUSSION

ISSUE 1: Enhancement for prior conviction

Rodriguez contends that a prior conviction for escape was invalid and should not have been used for enhancement of his sentence for the murder conviction. A plea of "true" to enhancement charges does not merely attest that there were prior convictions, but also that one was "duly and

legally convicted" of the previous charges. *Long. v. McCotter*, 792 F.2d 1338, 1340 (5th Cir. 1986). Moreover, a habeas petitioner who pleaded "true" to enhancement charges and is not currently serving time for the prior conviction has waived any complaints he may have had concerning the offenses set out in the enhancement charge. *Long*, 792 F.2d at 1344. Because Rodriguez pleaded "true" to the enhancement paragraph recounting the escape conviction, and because he does not allege that he is still serving the sentences for these offenses, his challenges to the use of the enhancement charge is invalid as barred.

ISSUE 2: Ineffective Assistance of Counsel

Rodriguez asserts that counsel provided ineffective assistance with respect to the murder conviction for a multitude of reasons. To prevail on a claim of ineffective assistance of counsel, Rodriguez must show that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-94 (1984). To show prejudice, Rodriguez must demonstrate that counsel's errors were so serious as to "render the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844, 122 K, Ed, 2d 180 (1993). A failure to establish either deficient performance or prejudice defeats the claim. *Strickland*, 466 U.S. at 697.

Included in the *Strickland* standard is the principle that the defendant must overcome the strong presumption that counsel's challenged action might be considered trial strategy, and therefore is within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Among his many claims, Rodriguez asserts that his counsel should have put forth a defense of sudden passion, that counsel should not have asked him about his prior convictions and time served in prision, that counsel should have requested a hearing to determine whether the statement he gave to police following his arrest was voluntary, that counsel was deficient in not calling witnesses that would have described him as nonviolent, and that counsel should have objected to testimony of former police officer Anthony Howard regarding Rodriguez's arrest in the escape case. A careful review of the

3

record shows that trial counsel was clearly demonstrating trial strategy in these instances, therefore these claims of ineffective assistance fail under *Strickland* and are summarily denied.

A number of Rodriguez's assertions that counsel was ineffective fail because he does not show that counsel's actions prejudiced his defense. See *Strickland*, 466 U.S. at 697. Rodriguez asserts that his counsel was ineffective for failing to insure that all bench conferences were transcribed by the court reporter. Rodriguez also asserts that the indictment was read in open court, but not transcribed, leaving it uncertain whether the enhancement paragraphs were read. Although the respondent concedes, and the record confirms, that bench conferences were held outside of the hearing of the court reporter, Rodriguez has not suggested how he was injured by this.

Some of Rodriguez's assertions of ineffective assistance of counsel are inaccurate. Rodriguez claims that counsel was ineffective for failing to cross-examine police officer Billy Craig about the victim's reputation. The record shows that counsel attempted to do so, but that Crai g had no knowledge that the victim had a reputation for violence. Rodriguez asserts that his counsel should have objected to perjured testimony given by his cell-mate, Bob Leach. Counsel did attack Leach's credibility at length on cross-examination by discussing his criminal record and pending charges, thus Rodriguez has again shown no prejudice. Rodriguez also asserts that his counsel should have investigated jury misconduct based on a note from the jury that was not made part of the record. Contrary to Rodriguez's assertion, the contents of the note were read into the record, as was the trial judge's response. The contents of the note show that the jury wanted to know the difference between life imprisonment and 99 years of imprisonment. The judge did not tell them. Rodriguez has shown no deficient performance on the part of his counsel by failing to investigate this.

Rodriguez asserts that counsel undermined his testimony regarding self-defense during argument. In arguing during the punishment phase of the trial, counsel asserted that Rodriguez was drunk at the time of the murder and probably did not know exactly what occurred. As this comment was made at the close of the punishment phase of the trial, after the self-defense theory had been rejected by the jury, it could not have harmed that defense.

4

Rodriguez asserts that counsel should have objected to two questions posed to Rodriguez by the prosecutor. These questions were appropriate factual inquiries pertaining to what Rodriguez told his mother about the murder, and inquiring about Rodriguez's actions at his mother's house after the murder. He also asserts that counsel failed to move to quash the indictment for murder enhanced by two prior felonies. While Rodriguez is correct that the murder indictment could not have been enhanced by the prior conviction for escape, the escape conviction was not submitted to the jury as part of the instructions for the determination of punishment. Moreover, he could not have been prejudiced by the fact that the jury was permitted to know about the prior conviction when the jury was already aware of his prior convictions from his own testimony during the guilt phase of the trial. Again, Rodriguez has shown no deficiency in counsel's performance.

Rodriguez asserts that his counsel was ineffective for failing to attack the systematic exclusion of Hispanics from the venire panel. Rodriguez cannot prove either that Hispanics were not fairly and reasonably represented in the venire from which the jury was selected, or that Hispanics were systematically excluded from the jury-selection process. *See Duren v. Missouri*, 439 U.S. 357, 364, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979). Rodriguez also asserts that counsel should have questioned the individual jurors as to their personal prejudices, but has not suggested that any individual on the jury was actually prejudiced against him, nor has he shown prejudice to his defense by this alleged lapse.

Two of Rodriguez's objections to counsel's actions not only show no harm, but are irrelevant to his defense. Rodriguez asserts that counsel should have presented evidence of a broken wrist watch, but that evidence would not have been conclusive of anything other than that the watch was broken. It was irrelevant to his assertion of self-defense. Rodriguez also asserts that his counsel should have attempted to rebut the prosecutor's argument that Rodriguez was a violent individual during the punishment phase by showing that the victim had a violent reputation. The victim's proclivities were unrelated to Rodriguez's history of violent behavior.

Rodriguez also attempts to blame the failure of his defense on his counsel, when he himself

5

is responsible. Rodriguez alternately complains that counsel allowed him to ramble and that counsel attempted to stop him from rambling. Even though the majority of the specific citations given by Rodriguez to support this allegation are irrelevant to this claim because they are from his cross-examination by the prosecutor, that Rodriguez was not a clear and concise witness on his own behalf and was unresponsive to counsel's questions does not establish deficient performance on the part of his counsel. Rodriguez also asserts that counsel should have attempted to suppress his convictions; however, this argument completely ignores the fact that Rodriguez took the stand in his own defense. *See Theus v. State*, 845 S.W. 2d 874, 879-80 (Tex Crim. App. 1992)(felony convictions as impeachment). Rodriguez also asserts that he was confused when the enhancement paragraphs of the indictment were read in court, however, the record shows that Rodriguez understood fully to which convictions he was pleading true. Counsel is not required to make futile motions or objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Some of Rodriguez's assertions concern the prosecutor's actions. Rodriguez asserts that his counsel was ineffective for not objecting to photographs that were allegedly so gruesome and cumulative that they resulted in one juror fainting. The question to be decided was whether the action was taken in self-defense, not whether Rodriguez had taken the action. The prosecution did lay a proper predicate that the photos accurately represented the scene of the crime, and even assuming that the juror fainted, it cannot be said that the gruesome nature of the pictures prejudiced Rodriguez because he admitted to having beaten the victim with an exercise weight.

Rodriguez also asserts that his counsel should have objected when the prosecutor urged the jury to consider that Rodriguez had failed to call witnesses. The failure of the defense to support its theory with witnesses is a proper matter for jury argument. *Lavernia v. Lynaugh*, 845 F. 2d 493, 497-98 (5th Cir. 1988). Rodriguez further asserts that, in closing arguments, the prosecutor misstated the facts with respect to when the victim struck Rodriguez, and argued that Rodriguez was lying during his testimony. The prosecutor argued that the victim struck Rodriguez three or four hours before the murder, restating testimony from Rodriguez himself as well as from another witness.

6

He also argued that Rodriguez's testimony was at odds with other facts presented in the case. Counsel cannot err for failing to object to a correct statement of the evidence, and even if this were an improper argument, a prosecutor's argument by itself is a constitutional violation in only the most egregious cases. *See Koch, 907 F.2d at 526,* and *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).

Finally, Rodriguez claims his counsel was ineffective for failing to assert that there was insufficient evidence to support his conviction. There was more than ample evidence to convict Rodriguez, and counsel is not required to make futile motions. *See Koch*, 907 F.2d at 526. Because the appellant is barred from challenging the use of the enhancement charge, and he has failed to show that his counsel's assistance was ineffective, we AFFIRM the district court's denial of his writ of habeas corpus.