United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10302
Summary Calendar

_____

CHRISTOPHER MICHAEL JONES,

                                    Plaintiff-Appellant,

versus

M. CORNUTT; L. WELLS; T. HART;
NIXION; S. FARMER; JEFFERY OWENS,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-202
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

        Christopher Jones, Texas prisoner # 656546, appeals from the

district court's judgment in favor of the defendants following a

bench trial and the dismissal of his 42 U.S.C. § 1983 civil right

complaint with prejudice as frivolous.  Jones argues that the

district court erred in determining that he had failed to

establish a claim of excessive force and deliberate indifference

to his safety and medical needs.  He also argues that the

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court committed various procedural errors at trial.
Jones has filed a motion to amend his brief following the newly-
prepared transcript which this court ordered at government
expense.  Jones's motion is GRANTED.

Standard of review

Factual findings made in a bench trial are reviewed
for clear error, while legal issues are reviewed de novo.
See FED. R. CIV. P. 52(a); Seal v. Knorpp, 957 F.2d 1230, 1234
(5th Cir. 1992).  For a factual finding to be clearly erroneous,
an appellate court must have a firm conviction, based on a review
of the entire record, that a mistake has been made.  Justiss Oil
Co., Inc. v. Kerr-McGee Refining Corp., 75 F.3d 1057, 1062, 1067
(5th Cir. 1996).

Excessive force

Jones argues that the evidence introduced at trial
establishes that the defendants exercised excessive force against
him at the prison infirmary.  A district court's ruling on
excessive use of force is reviewed for clear error.  Baldwin v.
Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  To prevail on an
Eighth Amendment claim of excessive force, a plaintiff must
establish that the force was not applied in a good faith
effort to maintain or restore discipline, but maliciously and
sadistically to cause harm, and that the plaintiff suffered an
injury.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

The record reflects that the district court did not clearly err in determining that Jones failed to establish a claim of excessive force. The documentary evidence as well as the testimony introduced at trial supports the district court's decision to find credible the defendants' assertion that Jones struck his own head against the infirmary wall, requiring an officer to restrain him with a reasonable use of force. Justiss Oil Co., 75 F.3d at 1062, 1067. Accordingly, the district court did not clearly err in dismissing Jones's excessive force claims. See Baldwin, 137 F.3d at 839.

Deliberate indifference

Jones argues that several of the defendants chose to disregard their knowledge that a corrections officer in the infirmary posed a substantial risk to his safety. He also argues that the defendants were deliberately indifferent to his medical care because they falsified use-of-force injury and medical reports.

A prison official acts with deliberate indifference if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Jones's arguments that the defendants were deliberately indifferent to his safety by sending him to the infirmary and by falsifying documentation of the use of force are entirely conclusional and speculative. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Jones provides no specific evidence to support his assertion that the supervising officer who sent him along with an escort to the infirmary knew that Jones faced a risk of harm. Similarly, Jones fails to establish with specificity what portions of the defendants' statements were falsified. Accordingly, the district court did not clearly err in dismissing Jones's deliberate indifference claims. See Justiss Oil Co., 75 F.3d at 1062, 1067.

District court rulings

Jones argues that the district court erred by failing to appoint counsel, impose discovery sanctions on the defendants, and permit him to make opening and closing arguments.

Jones argues that the district court erred by failing to appoint counsel. The court is not required to appoint counsel for an indigent plaintiff raising a 42 U.S.C. § 1983 claim in the absence of "exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Based on our review of the record, we conclude that the district court did not abuse its discretion because Jones has not shown such exceptional circumstances are present in this case.

Jones's remaining issues related to the district court's discovery and trial rulings are reviewed for plain error due to Jones's failure to object to these rulings at trial. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Jones cannot demonstrate that the district court committed plain error in failing to issue discovery sanctions to the defendants where the record reflects that Jones requested personnel files based upon pure speculation and conclusional assertions. Similarly, although the district court did not offer Jones an opportunity to make an opening statement, the record clearly reflects that the district court afforded Jones every deference during the proceedings to establish his case. Finally, in contrast to Jones's assertion, the district court did permit him to make a closing argument prior to rendering its decision. Accordingly, Jones cannot establish plain error with respect to these arguments. See Douglass, 79 F.3d at 1429. For the foregoing reasons, the judgment of the district court is AFFIRMED.