**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 20, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60302
Conference Calendar

_____

ROBERT SAMUEL SCRUGGS,

                                        Plaintiff-Appellant,

versus

JEFF PALMER, Agent of Mississippi Bureau of Narcotics;
MARK MILLS, Agent and Officer, Alcorn County; RON DICKEY,
Ex-Corinth Police Officer; ALCORN COUNTY MISSISSIPPI;
MISSISSIPPI BUREAU OF NARCOTICS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04-CV-48
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

     Robert Samuel Scruggs, Mississippi prisoner #79644, moves
for leave to proceed in forma pauperis (IFP) following the
district court's certification pursuant to 28 U.S.C. § 1915(a)(3)
that his appeal from the dismissal of his 42 U.S.C. § 1983 action
is taken in bad faith.  Scruggs's IFP motion is DENIED.  See
Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court dismissed Scruggs's action for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and for failure to state a claim because Scruggs's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994).  We address only whether Scruggs's claims were barred by Heck. Scruggs contends essentially that he was deprived of the opportunity to have his constitutional claims heard in a federal forum, something he argues habeas corpus proceedings would not provide him.  He also argues that the state courts should not be trusted to sit in judgment of the actions of state employees.  He states that his case does not present federal habeas corpus issues.

Scruggs provides conclusory allegations that he was framed and that false testimony was presented at his trial.  Those allegations are insufficient to raise a substantive federal constitutional issue.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).  Scruggs does not otherwise provide specific factual allegations or legal arguments regarding whether the facts and constitutional violations he alleged in the district court did not fall under Heck.  Scruggs has abandoned those contentions for appeal.  See In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

The instant appeal is frivolous and is dismissed as such. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Scruggs's complaint for failure to state a claim count as strikes under the Prison Litigation Reform Act. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Scruggs previously obtained a strike when his appeal was dismissed in Scruggs v. Howie, No. 01-60898 (5th Cir. Apr. 9, 2002) (unpublished), and he was cautioned in that opinion that the accumulation of three strikes would result in the imposition of a bar under 28 U.S.C. § 1915(g). Because Scruggs has now accumulated three strikes under 28 U.S.C. § 1915(g), he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IFP DENIED. APPEAL DISMISSED. 5TH CIR. R. 42.2. 28 U.S.C. § 1915(g) SANCTION IMPOSED.