United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50684
Conference Calendar

_____

JOSHUA PRAYLOR,

Plaintiff-Appellant,

versus

RONALD FITZRANDOLPH; WILLIAM PRUDIE, JR;
ADAM DOOLEY; EDWARD SMITH, Assistant
Warden; JESSE SHUCK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-436
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joshua Praylor, Texas prisoner # 1128305, appeals from the dismissal of his 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Praylor argues that prison officials exercised excessive force, violated his right to equal protection, and caused him mental anguish as a result of an altercation during a housing transfer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Praylor's claims against Smith and Shuck stem strictly from their supervisory roles and because he has not shown that they implemented a policy that resulted in a constitutional violation, Praylor has not raised a cognizable constitutional claim as to these defendants. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Praylor has not stated an Eighth Amendment claim because his injuries were de minimis and because he has not shown that the force deployed in light of his resistance to being subdued was "repugnant to the conscience of mankind." See Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998).

Praylor's claim that the prison fails to follow its policies regarding life endangerment requests does not amount to a constitutional violation. See Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000). Praylor's assertion that "other inmates" were granted such requests is conclusional and thus does not state an equal protection violation. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Likewise, Praylor's claim for mental anguish fails to state a cognizable constitutional claim. Because his injuries were de minimis, his claim is not actionable under 42 U.S.C. § 1983. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Praylor's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). As such, it is DISMISSED. See 5TH CIR. R. 42.2.

The magistrate judge's dismissal of Praylor's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and the dismissal of the instant appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Praylor is cautioned that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.