United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-10610
Summary Calendar

———————————

TONY LYNN HAILEY,

                                        Plaintiff-Appellant,

versus

MICHAEL SAVERS, Assistant Warden; AMY LOWREY, Counsel
Substitute; DENNIS J. MARKGRAFF, Captain; EDEN GREEN,
Grievance Investigator; TERRY BUCK, Mailroom Supervisor;
LISA CONNERS, Grievance Investigator; DAVIDE BASS, Doctor;
ROBERTA HOLLERS, Nurse; PATRICE MAXEY, Medical Administrator;
GARY MESSER; HELEN HARRISON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-297
--------------------

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Tony Lynn Hailey, Texas prisoner # 911414, proceeding in

forma pauperis and pro se, appeals from the district court's

dismissal with prejudice of his 42 U.S.C. § 1983 civil rights

complaint as frivolous and for failure to state a claim.  In his

complaint, Hailey argued that numerous officials at the Texas

Department of Criminal Justice (TDCJ) Dalhart Unit retaliated

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against him for filing grievances, engaged in acts of deliberate indifference to his safety and medical needs, conspired against him, and denied him access to the courts. Our review is de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Retaliation

Hailey asserts that Savers retaliated against him and found him guilty of a disciplinary violation because Hailey mailed to the regional director of the prison unit an amendment to a life endangerment complaint that alleged misconduct by Savers and other prison officials. Hailey contends that he was punished with 15 days in solitary confinement, 30 days without recreation or commissary privileges, and a reduction in line class status.

Hailey's punishments are not the type of hardships that give rise to a liberty interest protected by due process. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Hailey's claim concerning Savers's disciplinary reports does not implicate Hailey's constitutional rights. See Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003).

Deliberate indifference

Hailey asserts that Savers was aware of grievances regarding nerve damage and pain in Hailey's back and knees and that Savers acted with deliberate indifference to Hailey's inability to perform field work. Hailey contends that Savers did not act in accordance with his supervisory responsibilities and did not relieve Hailey from his assigned work detail. Hailey's

conclusional allegations are insufficient to establish that Savers knew of and disregarded the risk that Hailey would suffer injury if he was not assigned to a different work detail.  See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990)

Hailey argues that Dr. Basse, a physician at the Dalhart Unit, and Maxey, a medical administrator at the Dalhart Unit, acted with deliberate indifference to his medical needs.  Hailey argues that although Basse did not assign Hailey to field work, Basse had a duty to reimpose a work restriction for Hailey to prevent harm to his injured back and knee.  Hailey argues that Maxey failed to intervene as a supervisor after he was notified of Hailey's grievances against Basse.

Hailey does not brief the district court's conclusion that Basse was unaware of any risk of harm from Hailey's job assignment.  Rather, Hailey argues only in a conclusional fashion that Basse should have imposed a work restriction after he became aware of Hailey's pain.  See Domino, 239 F.3d at 756.  To the extent that Hailey sues Maxey in his role as a supervisor, Hailey has failed to allege specific facts to demonstrate that Maxey had personal involvement in placing Hailey in a job assignment that posed a substantial risk of harm or that Maxey implemented policies to physically harm Hailey.  See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Conspiracy

Hailey contends that Lowrey, a substitute counsel employed by the Dalhart Unit, conspired with Savers and did not investigate Hailey's claims and present a reasonable defense at Hailey's disciplinary hearing. Hailey asserts that Markgraff discovered that he had been included in Hailey's life endangerment amendment letter and conspired with other prison officials to retaliate against Hailey for filing a disciplinary complaint. Hailey asserts that Markgraff was not an impartial disciplinary hearing officer.

Hailey's conclusional allegations against Lowrey and Markgraff do not include facts sufficient to support a conspiracy claim. See Rodriquez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Further, Hailey's punishment as a result of the disciplinary proceedings do not implicate a liberty interest. See Madison, 104 F.3d at 768.

Hailey argues that Green and Conners, grievance investigators at the Dalhart Unit, participated in a conspiracy to retaliate against him. He argues that Green falsified the receipt date on Hailey's grievance appealing his disciplinary punishment and that Conners refused to file his grievance. Hailey provides no material facts in support of his claim that Green and Conners acted maliciously with respect to the filing of his grievances. See Al-Ra'id v. Ingle, 69 F.3d 28, 32 (5th Cir.

1995)(generalized assertions and conclusional allegations are insufficient to establish malice). Moreover, any failure of these defendants to comply with the TDCJ filing procedures is insufficient to establish a constitutional violation. See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989). To the extent that Hailey seeks to raise an independent claim of malicious prosecution against Green, this claim is non-actionable under § 1983. See Castellano, 352 F.3d at 942.

Access to the courts

Hailey argues that Buck, a mailroom supervisor at the Dalhart Unit, violated Hailey's right of access to the courts by failing to prevent the opening of Hailey's mail. Hailey does not allege personal involvement on the part of Buck, nor does Hailey allege that Buck implemented policies to infringe upon Hailey's constitutional rights. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Hailey's claim of supervisory liability is non-actionable under § 1983. See Alton v. Texas A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Further, Hailey does not allege prejudice as a result of any interference with his mail. See McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998).

Hailey does not brief sufficiently the district court's dismissal of his claims of conspiracy against Messer, Harrison, and of deliberate indifference against Hollers. Hailey also does not renew his amended claims that Savers denied various grievances and that Buck delayed and opened his legal mail.

These claims are thus abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the district court did not err in dismissing Hailey's § 1983 claims.  See Geiger, 404 F.3d at 373.

Hailey's appeal is without arguable merit, is frivolous, and is dismissed.  See 5TH CIR. R. 42.2.  The dismissal of Hailey's § 1983 complaint and the instant dismissal each count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hailey is warned that if he accumulates three strikes, he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.