# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2012

Lyle W. Cayce
Clerk

No. 11-11145
Summary Calendar

JOSEPH E. MARSHALL,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-189

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph E. Marshall, federal prisoner # 12356-032, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his conviction for conspiracy to possess oxycodone with the intent to distribute. Marshall argues that the district court erred in dismissing his petition because (1) requiring him to file a § 2255 motion would improperly suspend his constitutional right to a writ of habeas corpus, (2) any remedy under § 2255 would be inadequate to test

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the legality of his detention because his motion would be barred by the statute of limitations, and (3) pursuant to § 2241(b), the district should have transferred his petition to a court with proper jurisdiction.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, , 218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000).

Marshall's assertion that the dismissal of his § 2241 petition would result in a miscarriage of justice by suspending his constitutional right to seek a writ of habeas corpus is conclusional at best and is not sufficient to make the necessary affirmative showing for relief under the savings clause. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (stating that conclusional allegations fail to establish a valid claim). In any event, we have previously rejected a similar suspension clause argument. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002) (concluding that § 2255's savings clause does not violate the Suspension Clause).

To demonstrate that the remedy provided under § 2255 is inadequate or ineffective, Marshall must establish that his claim is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Marshall's assertions that Kentucky is not a

state and that his indictment was invalid do not meet this standard. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).

Equally unavailing is Marshall's assertion that the district court should have transferred his petition pursuant to § 2241(b). Section 2241(b) simply states that courts "may" transfer a habeas application to a court of appropriate jurisdiction; however, there is no mandate that courts do so. Moreover, Marshall does not demonstrate that a transfer instead of a dismissal would have served the best interests of justice. *See* 28 U.S.C. § 1631. Accordingly, the district court's judgment is AFFIRMED.