# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

No. 12-10378
Summary Calendar

Lyle W. Cayce
Clerk

DAMOND UNDRAY MOSLEY,

Plaintiff-Appellant

v.

SHERIFF DEE ANDERSON; LIEUTENANT OLEOS; OFFICER BAKER; RENZALE TRIMBLE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-36

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Damond Undray Mosley, Texas prisoner # 1606079, alleged in a 42 U.S.C. § 1983 complaint that prison officials contravened the Fifth and Fourteenth Amendments because they failed to prevent an inmate (i.e., Renzale Trimble) from attacking him while he was a pretrial detainee. He argued that prison officials showed deliberate indifference to his safety by removing him from protective segregation and transferring him to a cell with Trimble, whom

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officials knew would attack him.  Mosley suggested that officials orchestrated his transfer in retaliation for his filing an emergency grievance and coordinated with Trimble to effectuate the attack.  He also alleged that he was denied access to the courts.

The district court dismissed Mosley's complaint both as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B).  Accordingly, our review is de novo.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Mosley has identified Corporal J. Scott, Officer J. Hernandez, Sergeant Garrett, Officer Clay, and Officer V. Terry as defendants in the present action.  However, he has not made any particular factual allegations regarding these defendants, and, thus, he has effectively abandoned any claims against them.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Likewise, while he argues that he was denied access to the courts, he has not alleged specific facts to support this claim or briefed the requisite elements.  *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  Thus, Mosley also has abandoned this claim.  *See Brinkmann*, 813 F.2d at 748.

Mosley also raises a number of new claims for the first time on appeal.  He asserts that the Tarrant County Sheriff's Department maintained a policy of not properly supervising pretrial detainees; that Officer M. Evans delayed medical assistance after the assault; and that he has been denied proper medical care.  Because Mosley did not raise these claims in the district court, we need not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

To the extent that Mosley alleges that Sheriff Anderson showed deliberate indifference endangering him with and by failing to protect him from Trimble, that claim is barred by res judicata.  Mosley alleged similar claims in a prior complaint; the district court dismissed the claims with prejudice, and we

affirmed that dismissal. *See Mosley v. Anderson*, No. 10-11029 (5th Cir. May 13, 2011) (unpublished). Mosley does not identify any basis upon which his claims differ from his prior allegations other than speculation and he does not otherwise explicate why the doctrine of res judicata should not apply. The record supports that Mosley seeks to bring a similar cause of action against the same party (i.e., Anderson) even though a final judgment on the merits was rendered by a court of competent jurisdiction. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).

Mosley's deliberate-indifference claims against the other defendants are equally unavailing. The Eighth and Fourteenth Amendments preclude prison officials from interfering with the safety of pretrial detainees and convicted prisoners. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The deliberate-indifference standard set forth in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), is the measure of culpability. *See id.*; *Hare*, 74 F.3d at 650. A prison official acts with deliberate indifference only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Mosley's assertions do not support that the defendants were deliberately indifferent for failing to protect him from an attack by Trimble. He has proffered no specific factual allegations that establish that the defendants knew of and disregarded a risk to his safety by orchestrating his removal from segregation and his placement in a cell where he could be exposed to an anticipated attack by Trimble, i.e., he has not alleged any particular facts establishing that the defendants knew that Trimble presented a risk of serious harm and purposefully exposed Mosley to that risk. *See Farmer*, 511 U.S. at 837. In effect, Mosley has proffered only his speculation that his attack was the deliberate consequence of a conspiracy involving prison officials' collaboration with an expected assailant;

his speculative assertions do not sufficiently demonstrate that the defendants had adequate information to draw an inference that Mosley faced a substantial risk of attack from Trimble or that they ignored or exposed Mosley to that risk. *See id.*; *Koch*, 907 F.2d at 530.

Thus, Mosley has not shown that the district court erred in dismissing his federal claims as frivolous or for failure to state a claim on which relief could be granted.  To the extent that he seeks to allege claims against Trimble, a private citizen, he has not shown that those claims are cognizable under § 1983 and are not tort claims arising under state law.  Mosley therefore has not shown that the district court erroneously refused to exercise supplemental jurisdiction over his claims against Trimble.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).  Accordingly, the district court's judgment should be affirmed.

Our affirmance of the district court's dismissal as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Mosley also was assessed a strike in connection with his prior appeal.  *See Mosley*, No. 10-11029. He is warned that if he accumulates three strikes, he may not thereafter proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Mosley has filed for the appointment of counsel and for a new trial. Because he has not shown exceptional circumstances, his motion for the appointment of counsel is denied.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  In light of the disposition of this appeal, his motion for a new trial also is denied.

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.