# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2013

Lyle W. Cayce
Clerk

No. 12-40722
Summary Calendar

ERIC WATKINS,

Plaintiff-Appellant

v.

WESTON LNU,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-742

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eric Watkins, former federal prisoner # 55630-004, appeals the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Watkins alleged that Weston L., a disciplinary hearing officer (DHO) at the Federal Correctional Complex in Beaumont, Texas, discriminated against him and violated his due process rights by (1) erroneously convicting him of refusing to obey an order in violation of Bureau of Prisons (BOP) Prohibited Act Code 307; (2) sanctioning him to a loss of 13 days of good time credit, 14 days

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of disciplinary segregation, and a three-month loss of commissary, visitation, and telephone privileges; and (3) willfully refusing to issue him a copy of the DHO's written report.

On appeal, Watkins contends that the district court erred when it dismissed his due process claims as legally frivolous. Relying on *Hewitt v. Helms*, 459 U.S. 460 (1983), he argues that the repeated use of mandatory language in the federal regulations governing the BOP created a constitutionally protected liberty interest in (1) obtaining a copy of the DHO's written report; (2) remaining in the general population absent valid reasons for administrative or disciplinary segregation; (3) commissary, visitation, and telephone privileges; and (4) a determination of guilt based on some facts or the greater weight of the evidence.

To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). A prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted). In *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005), the Supreme Court recognized that *Sandin* abrogated *Hewitt's* "methodology of parsing the language of particular regulations." Thus, "[a]fter *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Id.* at 223 (quoting *Sandin*, 515 U.S. at 484).

The district court did not err in concluding that Watkins's 14 days of disciplinary segregation and three-month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest protected by the Due Process Clause. *See Sandin*, 515 U.S. at 485-86 (finding no liberty interest protecting against a 30-day period of disciplinary segregation); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that 30-day commissary and cell restrictions did not implicate the Due Process Clause); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (observing that prisoners have no constitutional right to visitation privileges and that restrictions of those privileges do not implicate any due process concerns); *Martin v. Scott*, 156 F.3d 578, 579-580 & n.1 (5th Cir. 1998) (holding that loss of visitation and commissary privileges, inter alia, did not deprive the prisoner of a constitutionally cognizable liberty interest). Further, the requirements that a prisoner's determination of guilt be supported by some evidence and that the prisoner be given a written statement by the factfinders are merely procedural safeguards to which prisoners are entitled if their constitutionally protected liberty interests are infringed. *See Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009).

Although we assume arguendo that federal prisoners have a liberty interest in their good time credits, *see Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000), Watkins does not challenge the district court's determination that the BOP's expungement of his disciplinary conviction and restoration of his good time credits rendered his claim for damages legally frivolous. This issue is therefore abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Watkins also contends that the district court erred when it dismissed his equal protection claim. He asserts that the allegations in his complaint were sufficient to show that Weston purposefully and intentionally discriminated against him by refusing to issue him a copy of the DHO's written report. In the alternative, Watkins asserts that the district court erred when it dismissed his

equal protection claim without affording him an opportunity to amend his complaint with the facts necessary to demonstrate purposeful and intentional discrimination.

The district court did not err in concluding that Watkins's conclusory and unsubstantiated allegations were insufficient to make a showing of purposeful or intentional discrimination.    Watkins alleged that Weston willfully discriminated against him by refusing to issue him a copy of the DHO's written report while providing other similarly situated prisoners with copies of their reports and that Weston's acts were motivated "by the desire to prevent the exercise of a constitutional right." His conclusional allegations were insufficient to raise a constitutional issue. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  Further, because Watkins has not identified the additional facts he would have presented had he been granted an opportunity to amend his complaint, he has failed to show any error. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Accordingly, the district court's judgment is AFFIRMED.