# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

No. 13-40022
Summary Calendar

Lyle W. Cayce
Clerk

JORGE CABRERA,

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY GENERAL; OFFICE OF INFORMATION POLICY; UNITED STATES ATTORNEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-108

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Cabrera, federal prisoner # 50858-018, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his Freedom of Information Act (FOIA) complaint without prejudice for failure to prosecute or to obey an order of the court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cabrera asserts that the district court was biased against him, that the district court perpetrated a fraud by preventing Cabrera from prosecuting his claim IFP, that the district court itself should have obtained the inmate account statement which it ordered Cabrera to file in support of his IFP application, and that Cabrera was not required to pay filing fees because his complaint was in the nature of a 28 U.S.C. § 2255 motion. Cabrera also seeks appointment of counsel.

By moving to proceed IFP, Cabrera is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Insofar as Cabrera challenges the district court's neutrality, the claim is based wholly on the district court's adverse ruling and Cabrera's conclusional assertions, neither of which suffice to show bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). As to the inmate account statement, 28 U.S.C. § 1915(a)(2) required Cabrera, as the prisoner seeking to bring a civil action without prepaying the fees, to file a copy of the statement with the district court.

Cabrera's assertion that no filing fees were required because his complaint was in the nature of a §2255 motion is similarly not well taken. Cabrera did not seek, in this complaint, his release on the basis that his conviction was imposed in violation of the laws or Constitution of the United States, that the court lacked jurisdiction to impose the sentence, that his sentence exceeded the maximum allowed by law, or that his sentence was otherwise subject to collateral attack, as would constitute a § 2255 motion. Rather, he sought to obtain documents from various federal actors pursuant to 5 U.S.C. § 552(a)(4)(B), which permits an individual to file a complaint in the district court to have a federal agency enjoined from withholding agency

records and ordered to produce such records.  Such a civil action generally requires a party to pay a filing fee of $350, 28 U.S.C. § 1914, or to proceed IFP under the procedures set out in § 1915(a).

Cabrera has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  His IFP motion is therefore denied, and his appeal is dismissed.  *See Baugh*, 117 F.3d at 202 & n.24.  His request for appointment of counsel is denied as well.

This court's dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Cabrera is cautioned that, if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.