# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30973

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2017

Lyle W. Cayce
Clerk

WINFRED CAMPBELL,

Plaintiff-Appellant

v.

JAMES LEBLANC; RAN LAVESPERE, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-409

Before JOLLY, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

Winfred Campbell, Louisiana prisoner # 161377, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his pro se 42 U.S.C. § 1983 civil rights lawsuit for lack of subject-matter jurisdiction and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(1) & (6). Construing Campbell's suit as alleging that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs and through a failure to properly address his September 2014 grievance regarding his work

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assignment, the district court concluded that his claims for monetary damages: against the defendants in their official capacities were barred by Eleventh Amendment immunity; against James Leblanc in his individual capacity lacked legal or factual foundation; and against Ran Lavespere in his individual capacity were barred by qualified immunity. Additionally, the district court declined to exercise supplemental jurisdiction over any related state law claims. Finally, the district court denied Campbell leave to proceed IFP on appeal, certifying that, for the reasons underlying its dismissal of the suit, the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

By moving to proceed IFP in this court, Campbell is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

When a prisoner opts to challenge the district court's decision certifying that his appeal is not taken in good faith, "the [IFP] motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. None of Campbell's various filings in this court, however, actually addresses the district court's reasons for its certification. Campbell has failed to specifically address, and has thereby abandoned any challenge to, the district court's determinations regarding Eleventh Amendment immunity, qualified immunity, or supplemental jurisdiction. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Campbell has likewise failed to discuss with any specificity the legal or factual foundation of his claims for deliberate indifference to his medical needs and for the handling of his September 2014 administrative grievance.

No. 16-30973

Campbell's conclusional assertions that he has been deprived of adequate medical care are insufficient to raise a constitutional claim of deliberate indifference to his medical needs. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Notably, his most specific assertions, which relate to his alleged denial of medical care and improper work assignment in October 2015, are not appropriate for consideration in this appeal because they were not raised in the district court. *See Yohey*, 985 F.2d at 225. As Campbell has neglected even to reference his September 2014 grievance in his filings in this court, he has abandoned any challenge regarding its handling. *See id.* at 224-25.

Accordingly, Campbell has failed to show that his appeal involves any legal points arguable on their merits. *See Howard*, 707 F.2d at 220. His IFP motion is therefore denied, and the appeal is dismissed as frivolous. *See id.* at 219-20; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. In light of the dismissal, Campbell's "Motion to Interven[e] / Injunction" and his incorporated motion for appointment of counsel are likewise denied.

The dismissal of Campbell's complaint by the district court for failure to state a claim and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Given that his prior prisoner's civil rights lawsuit was also dismissed for failure to state a claim, Campbell has now accumulated three strikes under § 1915(g). *See Campbell v. Cain*, No. 3:14-CV-694, 2016 WL 828786 (M.D. La. Feb. 11, 2016), *report and recommendation adopted by* 2016 WL 901290 (M.D. La. Mar. 3, 2016) (unpublished). Campbell may no longer proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.