# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2022

Lyle W. Cayce
Clerk

No. 21-40734

DeIra Glover,

*Plaintiff—Appellant*,

*versus*

Brenda Lopez, *Sergeant*, *Combes Police Department*, *Individually and Official Capacity*; Eloy Cano, *Justice of the Peace*, *Precinct 5*, *2*, *Individually and Official Capacity*; Fabian Limas, *Criminal Law Hearing Officer*, *Individually and Official Capacity*; Cameron County, Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-107

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Pretrial detainee DeIra Glover, Cameron County, Texas, inmate # 281552, seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a claim, pursuant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40734

to 28 U.S.C. § 1915A, and denial of his Federal Rule of Civil Procedure 59(e) motion.   By such motion, Glover is challenging the district court's certification that any appeal would not be taken in good faith because, for the reasons relied upon in the order of dismissal, he will not present a nonfrivolous appellate issue.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Glover asserts that he is financially eligible to proceed IFP, and he conclusionally renews his assertion that the bail imposed was excessive and violative of his due process rights.  He abandons by failing to brief any argument renewing his claim that the arresting officer erred in failing to give notice of the complaint against him prior to his arrest.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  With respect to his excessive bail claim, he has abandoned by failing to brief any meaningful appellate challenge to the district court's determination that his allegations did not give rise to a constitutional claim.  *See id.*; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also* FED. R. APP. P. 28(a)(8).  To the extent that he asserts that the judges who set his bail failed to follow state law and guidelines, such claim does not give rise to a cognizable § 1983 claim.  *See Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).  Inasmuch as he complains that the judge who denied bail failed to state reasons for the denial, the district court found that the reasons were included in the written bail orders.  Further, even if additional reasons were required, the court found such reasons to be implicit in the record as Glover was facing at least 32 separate felony charges related to sexual misconduct with children.  Glover briefs no argument challenging that finding.  *See Yohey*, 985 F.2d at 224-25.

If his IFP motion is very liberally construed, Glover additionally asserts that the justice of the peace who signed his arrest warrants never properly assumed his role as a magistrate and that the criminal court thus

lacks jurisdiction over him.  This court will not consider the claim as it was raised for the first time in his Rule 59(e) motion.  *See U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 426 (5th Cir. 2014).  Similarly, Glover's claim that he was denied a second bail hearing on expanded charges in one of his pending criminal proceedings will not be considered as it was raised for the first time in his third proposed amended complaint, and he fails to demonstrate that the district court abused its discretion in implicitly denying his Federal Rule of Civil Procedure 15(a)(2) motion to amend.  *See Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 477-78 (5th Cir. 2013); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, the motion to proceed IFP is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint for failure to state a claim and the dismissal as frivolous of this appeal each count as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Glover is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).