# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2025

Lyle W. Cayce
Clerk

_____

No. 24-11021

_____

RUTH TORRES,

*Plaintiff—Appellant*,

*versus*

BONNIE LEE GOLDSTEIN, *In Official Capacity 44th District Court Judge Dallas*; RAYMOND G. WHELESS, *In Official Capacity, Presiding Judge First Administrative Judicial Region*; ROBERT D. BURNS, *In Official Capacity, Chief Justice, Fifth Court of Appeals-Dallas*; AMANDA L. REICHEK, *In Official Capacity, Chief Justice, Fifth Court of Appeals-Dallas*; KEN MOLBERG, *In Official Capacity, Chief Justice, Fifth Court of Appeals-Dallas*; DENNISE GARCIA, *In Official Capacity, Chief Justice, Fifth Court of Appeals-Dallas*; ROBBIE PARTIDA-KIPNESS, *In Official Capacity, Justice Place 2 Fifth Court of Appeals-Dallas*; HONORABLE DALE TILLERY, *In Official Capacity, 134th District Court Judge Dallas*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1843

_____

No. 24-11021

Before SMITH, GRAVES, and ENGELHARDT, *Circuit Judges.*
PER CURIAM:[*]

Ruth Torres, proceeding *pro se*, filed a civil rights complaint against several members of the Texas judiciary seeking injunctive, declaratory, and monetary relief. Torres alleged that the defendants violated her constitutional rights by issuing improper rulings and orders in a lawsuit initiated against her in retaliation for being a whistleblower, as well as in related legal proceedings. The district court dismissed the complaint as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 915(e)(2)(B). Torres moves to proceed *in forma pauperis* ("IFP") on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Torres will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As an initial matter, Torres does not present a nonfrivolous issue for appeal regarding her contention that the district court failed to conduct *de novo* review as demonstrated by the court's failure separately to provide findings and conclusions for overruling her objections to the magistrate judge's report and recommendation. Rather, the record reflects that in accepting the report and recommendation, the district court conducted the requisite *de novo* review. *See* FED. R. CIV. P. 72(b)(3).

In addition, the district court's decision to consider *sua sponte* the applicability of the judicial immunity doctrine does not present a nonfrivolous issue for appeal. *See Boyd v Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Further, Torres's conclusory assertions, without more, that judicial immunity does not apply because the defendants' actions were without jurisdiction

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and they were disqualified "due to ultra-vires acts/or crime-fraud exception," does not arguably state a constitutional violation. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Rather, her allegations all stem from orders the defendants issued in litigation involving Torres. *See Davis v. Tarrant Cnty.*, 565 F.3d 214, 221-22 (5th Cir. 2009). Further, Torres does not challenge the district court's conclusion that she could not bring a private criminal action against the defendants. Nor does she challenge the decision denying her leave to amend her complaint. Thus, these claims are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Torres also maintains that the district court abused its discretion in denying her motion for appointment of counsel. However, Torres's numerous filings in the district court and this court indicate that she has the ability to investigate and present arguments adequately. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Thus, the district court did not arguably abuse its discretion in denying her motion for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

In her final point, Torres contends that the district court erroneously failed to rule on her motion to recuse and motion for change of venue. Although the district court did not explicitly rule on Torres's motions to recuse and for change of venue, both of which were filed after the magistrate judge issued her report and recommendation, the district court's denial of the motions is implicit in the court's entry of final judgment dismissing the complaint. *See Norman v. Apache Corp*, 19 F.3d 1017, 1021 (5th Cir. 1994). Torres's allegations of bias are based on adverse rulings and Torres's erroneous assertion that it was improper for the magistrate judge and district judge to dismiss *sua sponte* her complaint based on judicial immunity. Accordingly,

she has failed to show that the district court arguably abused its discretion in denying her motion to recuse. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Likewise, Torres has failed to demonstrate that the district court arguably abused its discretion in denying her motion to change venue, which was based on the purported impartiality of the judges presiding over the instant case. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

Accordingly, Torres has failed to show a nonfrivolous issue with respect to the dismissal of her complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Her motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Torres's motions for the appointment of counsel, recusal, and change of venue are also DENIED.