**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**May 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10776
Summary Calendar

_____

CLIFTON MCKNIGHT, JR.,

Petitioner-Appellant,

versus

ROBERT EASON, Warden II; CARRY COOK, Assistant Warden;
STACY L. JACKSON, Assistant Warden; BONNIE L. YOUNG,
Investigator III,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-54
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clifton McKnight, Jr., Texas prisoner # 759629, appeals the
district court's dismissal with prejudice of his 42 U.S.C. § 1983
complaint pursuant to 28 U.S.C. § 1915.  His complaint raised
claims of racial discrimination, retaliation, and the violation
of his due process rights in connection with prison disciplinary
and grievance proceedings.

McKnight complains of the racial imbalance between the white
prison employees and the black prisoners in the prison where he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is incarcerated and the fact that the majority of the prisoners in medium or close custody are black. To state an equal protection claim, McKnight must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination. See Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). McKnight did not offer the district court and he does not offer this court anything other than conclusory allegations of racial discrimination in the prison where he is incarcerated. McKnight has therefore failed to assert a cognizable equal protection claim. See id.; Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

McKnight alleges that the prison where he is incarcerated has a practice of retaliating against prisoners for using the prison grievance system. With respect to this claim, he argues only generalities and does not identify particular allegations of specific constitutional violations. The district court did not specifically address McKnight's claim of retaliation by Officer Grey. Regardless, his claim fails as Officer Grey was not named as a defendant in the lawsuit, and, although McKnight named three wardens as defendants in his lawsuit, he has not demonstrated that the wardens are liable for the alleged retaliation by Officer Grey. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

McKnight complains that prison officials violate prisoners' due process rights by failing to follow proper procedures when reviewing prison disciplinary cases and that proper procedures are not followed when determining how long a prisoner will remain in close or medium custody after the prisoner is found guilty of a disciplinary case and is given an indeterminate sentence. These generalities do not state a claim for the violation of a constitutional right. See Koch, 907 F.2d at 530.

Moreover, McKnight does not address the district court's finding that his claims that a false disciplinary case was brought against him and that he was denied due process during the disciplinary proceedings were barred by Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). As McKnight fails to address the district court's basis for dismissing these claims, they are abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

McKnight argues that his prison grievances, alleging retaliation, were not properly reviewed and complains generally of how prison grievances are handled in the prison where he is incarcerated. Because McKnight has no liberty interest in the resolution of his grievances, his claims regarding the prison grievance system do not state a claim regarding the violation of a constitutional right. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

McKnight's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of McKnight's complaint constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Once McKnight accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.