# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10678
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2025

Lyle W. Cayce
Clerk

Marcus L. Willis,

*Plaintiff—Appellant*,

*versus*

Diaz De Leon, *Officer*; Jeff Williams, *Chief*; City of Bedford,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-778

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Marcus L. Willis was driving in Bedford, Texas when Defendant Officer Diaz De Leon pulled him over. De Leon informed Willis that he stopped him for driving without valid insurance.[1] De Leon then stated

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] An officer can "enter [a vehicle's] license plate number into an 'in-vehicle computer' database designed to return vehicle information such as insurance status." *United States v. Broca-Martinez*, 855 F.3d 675, 677 (5th Cir. 2017). Driving without valid

No. 25-10678

he smelled marijuana and proceeded to search Willis' vehicle. De Leon did not find contraband, but he cited Willis for driving without insurance. Willis filed a complaint with Defendant Police Chief Jeff Williams, reporting the search and alleging unlawful racial profiling. Williams did not take Willis' complaint seriously, mocked Willis, and did not investigate the incident. Willis sued the City of Bedford, De Leon, and Williams (collectively, "Appellees"). These included claims—under § 1983—for: (1) unreasonable search and seizure in violation of the Fourth Amendment, (2) racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, (3) a claim for failure to train and supervise against Williams, and (4) a claim for failure to train and supervise against the City of Bedford. He also asserted an intentional discrimination claim under Texas law.

Willis filed two amended complaints, and Appellees moved to dismiss for failure to state a claim under Rule 12(b)(6). The magistrate judge recommended granting the motion, and the district court adopted the recommendation in full after reviewing Willis' objections.

## DISCUSSION

Willis challenges the district court's dismissal of his claims and also asserts new arguments.

I. Willis raises three new arguments for the first time on appeal.

First, Willis argues that Appellees' brief should have been stricken as untimely under our Rule 31.1 and Federal Rule of Appellate Procedure 26(b). Willis contends that Appellees did not show "excusable neglect" when they failed to meet their deadline.

---

insurance is a violation of Texas' Motor Vehicle Safety Responsibility Act. Tex. Transp. Code Ann. §§ 601-.051, -.071, -.191 (West 1995).

No. 25-10678

The record shows that Appellees did not file their brief according to Rule 26. However, Appellees filed a motion to submit their brief out of time and explained that they mistakenly assumed their deadline to file had been paused until Willis filed a sufficient brief and record excerpts. Extensions of time are permitted "for good cause," and this court granted Appellees' motion. *See* FED. R. APP. P. 26(b).

Second, Willis argues that he was "denied equal access to judicial review due to Clerk misconduct and procedural manipulation." Willis states the Clerk's office mislabeled his filings, made other filing irregularities, and refused to correct its errors.

It is not clear which filing Willis is referring to, since his filings do not appear to be mislabeled. In any case, plaintiffs may not raise new claims for the first time on appeal. *Petty v. Kelly*, 73 F. App'x 79 (5th Cir. 2003); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). If Willis has a claim he would like to assert, it needs to be properly presented to a district court in the first instance.

Third, Willis claims that the court's procedural conduct has "created a constitutional infirmity undermining Appellant's due process rights."

As noted, this court does not review new claims presented for the first time on appeal. If Willis has a novel due process claim to assert, he must allow a district court to consider it in the first instance.

II. Willis also challenges the district court's dismissal of his § 1983 and Texas law claims.

Willis questions whether the district court erred by granting dismissal and claims he should have been allowed discovery. Willis asks the court to vacate the judgment and remand on his *Monell* claim, as municipalities can be liable for misconduct based on policy or practice and not just individual

conduct. Collectively, he asserts his allegations were sufficient to survive the Rule 12(b)(6) stage.

We review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss. *E.g., Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023). We start with Willis' § 1983 claim against De Leon for a Fourth Amendment violation for unreasonable search and seizure. Willis' second amended complaint alleged that  he "was stopped for allegedly driving without valid insurance," and De Leon "then accused Plaintiff of possessing marijuana and proceeded to search Plaintiff's vehicle without consent, a warrant, or probable cause, in violation of the Fourth Amendment."

The district court found that De Leon had qualified immunity, and we agree. In resolving a qualified immunity claim, courts must "decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and determine whether the "right at issue was clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citations omitted).

Willis failed to sufficiently allege facts that amount to a constitutional violation. He was stopped due to a Texas state law violation, so the stop was justified at its inception. *See United States v. Broca-Martinez*, 855 F.3d 675, 680 (5th Cir. 2017) ("A state computer database indication of insurance status may establish reasonable suspicion when the officer is familiar with the database and the system itself is reliable."). From there, De Leon developed probable cause to search Willis' car. *United States v. Henke*, 775 F.2d 641, 645 (5th Cir. 1985) ("Once the officer smelled the marijuana, he had probable cause to search the vehicle."). The stop and search did not violate Willis' constitutional rights.

Willis also asserted a racial discrimination claim in violation of the Equal Protection Clause. He alleged that "De Leon's actions were racially motivated, violating [his] rights under the Equal Protection Clause of the

No. 25-10678

Fourteenth Amendment." This amounts to a conclusory claim of racial discrimination. *See McKnight v. Eason*, 227 F. App'x 356, 356 (5th Cir. 2007). He has therefore failed to assert a cognizable equal protection claim. *See id.*

Regarding Willis' *Monell* claims, "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). As discussed, Willis was unable to allege a violation of his constitutional rights. Without a constitutional violation, Willis' *Monell* claims fail, and they were properly dismissed.

Willis also brought a claim against Appellees for intentional discrimination under Texas law, stating that "[t]he Texas Tort Claims Act (TTCA) does not bar claims based on civil rights violations." While the TTCA "creates a limited waiver of sovereign immunity," it "does not apply to claims arising out of an intentional tort." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009). This claim was properly dismissed.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.